UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL CLEARY and JANET CLEARY,

                Plaintiffs,

  -against-                                 1:08-CV-00349
                                                      (LEK/DRH)

ALBANY COUNTY SHERIFF'S
DEPARTMENT, PHILLIP WHITE, *etc.*
CHRYSLER FINANCIAL CORPORATION,
HOLMES & KUGLER'S GARAGE,
McGILL INVESTIGATIONS,
JOHN DOE #1, *etc.*, and
JOHN DOES #2 & #3,

                Defendants.

## **DECISION AND ORDER**

Currently before the Court is a Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant DaimlerChrysler Financial Corporation, as successor-by-merger to Chrysler Financial Corporation, ("Defendant DaimlerChrysler"), on June 2, 2008. Dkt. No. 12.

**I.    Background**

Plaintiffs Michael and Janet Cleary (collectively "Plaintiffs") filed their Complaint against Defendant DaimlerChrysler on March 28, 2008, alleging (1) violations of 42 U.S.C. § 1983, (2) violations of 42 U.S.C. § 1985, (3) violations of New York Civil Rights Law § 8, (4) violations of New York General Obligations Law § 7-101, New York Vehicle & Traffic Law § 425, and New York Personal Property Law § 316, (5) conversion, (6) breach of the covenant of good faith and fair dealing, and (7) unjust enrichment. Dkt. No. 1. Plaintiffs' action stems from

the physical repossession of two motor vehicles purchased by Plaintiffs and financed by Defendant DaimlerChrysler. Id.  There are two finance contracts at issue in this action: the first, executed on September 3, 2002 by Janet J. Boni ("Ms. Boni"), which pertains to the purchase of a 2002 Dodge RAM 2500 pick-up truck, and the second, executed on July 31, 2005 by Plaintiff Michael Cleary, which relates to the purchase of a 2005 Jeep Grand Cherokee.

Defendant DaimlerChrysler has moved to dismiss Plaintiffs' Complaint on two grounds. Dkt. No. 12.  First, Defendant DaimlerChyrsler argues that the Complaint should be dismissed pursuant to 9 U.S.C. § 3 because the finance contracts in dispute are subject to binding arbitration, and are thus governed by 9 U.S.C. § 2. Dkt. No. 12.  In the alternative, Defendant DaimlerChrysler has moved to dismiss the claims of Plaintiff Janet Cleary, pursuant to Rule 12(b)(6), on the grounds that Plaintiff Janet Cleary is a non-party to any contract with Defendant DaimlerChrysler, and thus lacks standing to sue Defendant DaimlerChrysler.  Dkt. No. 12.

**II.    Discussion**

For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief.  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 (2007).  When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  In making its determination, a court may consider the facts alleged in the complaint, the documents attached to the complaint, and the documents incorporated by reference in the complaint.  See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002).  Because Plaintiffs' Complaint made reference to the financing contracts for the two vehicles in question (Compl. at ¶¶ 15, 26

(Dkt. No. 1)), the Court will consider those contracts in its decision.

Defendant DaimlerChrysler first argues that Plaintiffs' Complaint should be dismissed on the grounds that the contracts in dispute are subject to binding arbitration within the intendment of the Federal Arbitration Act ("FAA"). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The FAA further provides that written arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of such contract." 9 U.S.C. § 2. In fact, the FAA creates a strong federal policy favoring the enforcement of arbitration agreements. Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 653 (2d Cir. 2004) (citing 9 U.S.C. § 2 and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). Thus, any doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991); Opals on Ice Lingerie v. Body Lines, Inc., 320 F.3d 362, 369 (2d Cir. 2003).

Given the strong federal policy favoring arbitration, the applicability of an arbitration agreement is not within the discretion of the district court. E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C., 273 F.Supp.2d 260, 264 (E.D.N.Y. 2003) (citing WorldCrisa Corp. v. Armstrong, 129 F.3d 71, (2d Cir. 1997)). Rather, a district court must direct parties to arbitrate all issues that fall within the scope of their arbitration agreement. Id. In assessing the scope of

arbitrable issues, the "strong presumption of arbitrability applies with even greater force when the arbitration provision is a broad one." Id. (quoting Rajjak v. McFrank & Williams, No. 01 Civ. 0493, 2001 WL 799766, at *2 (S.D.N.Y. July 13, 2001)).

In the instant case, the language of the arbitration agreement is "broad." It provides, in relevant part:

> Any claim or dispute, whether in contract, tort *or otherwise* (including *any dispute* over the interpretation, scope, or validity of this contract, the arbitration clause or the arbitrability of any issue) between us . . . or Creditor's employees, agents, successors or assigns, which arise out of or relate to this contract *or any resulting transaction or relationship* (including any such relationship with third parties who do not sign this contract) shall at the election of either of us (or the election of any such third party), be resolved by a neutral, binding arbitration.

Deily Aff. Ex. A1-A2 (Dkt. No. 14) (emphasis added). Accordingly, any claim or dispute relating to the contract "or any resulting transaction" would be covered by this clause. Id. Given the expansive language of this provision, the Court finds that it encompasses all of Plaintiffs' claims. Plaintiffs must thus arbitrate their claims against Defendant DaimlerChrysler.

Defendant DaimlerChrysler also argues that Plaintiff Janet Cleary lacks standing. Looking only at the facts alleged in Plaintiffs' Complaint and the documents incorporated by reference in the Complaint,[1] it is unclear whether Ms. Boni transferred her rights and obligations under the finance contract for the 2002 Dodge Ram 2500 pick-up to Plaintiff Janet Cleary. Without this additional information, the Court cannot decide the issue of standing. However,

---

[1] In its discretion, and upon notice to all parties, a court may also consider materials outside the pleadings. Falls Riverway Realty, Inc. v. City of Nigra Falls, 754 F.2d 49, 53 (2d Cir. 1985). However, if the court chooses to exercise this discretion, the motion must be treated as a motion for summary judgment. FED. R. CIV. PRO. 12(d); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000). In the instant case, the Court declines to consider outside material, and the Motion is thus not converted into a motion for summary judgment.

questions of procedural arbitrability, including standing, are issues for an arbitrator to decide. Chicago Typographical Union No. 16 v. Chicago Sun-Times Inc., 860 F.2d 1420, 1424 (7th Cir. 1988) (cited in Homes Ins. Co. v. Appleton Papers, Inc., No. 99 Civ. 3169, 2002 WL 22024, at *8 (S.D.N.Y. Jan. 8, 2002)).  Thus, the Court finds that the issue of Plaintiff Janet Cleary's standing should also be decided by arbitration.

In summary, all issues raised by Plaintiffs' Complaint are subject to binding arbitration. If all claims in a civil action are arbitrable, dismissal of the action is warranted.  Lewis Tree Serv. v. Lucent Tech., Inc., 239 F.Supp.2d 332, 335 (S.D.N.Y. 2002).  As such, the Court finds dismissal of Plaintiffs' Complaint appropriate.

### III.   Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant DaimlerChryler's Motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the parties proceed to binding arbitration, pursuant to the arbitration clause in their contracts (Deily Aff. Ex. A1-A2 (Dkt. No. 14)); and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   August 26, 2008
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge