UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL CLEARY and JANET CLEARY,

                Plaintiffs,

   -against-                                 1:08-CV-00349 (LEK/DRH)

ALBANY COUNTY SHERIFF'S
DEPARTMENT, PHILLIP WHITE, *etc.*
CHRYSLER FINANCIAL CORPORATION,
HOLMES & KUGLER'S GARAGE,
McGILL INVESTIGATIONS,
JOHN DOE #1, *etc.*, and
JOHN DOES #2 & #3,

                Defendants.

## DECISION AND ORDER

      Presently before the Court is a Motion filed by Plaintiffs Michael and Janet Cleary (collectively "Plaintiffs"),[1] seeking reconsideration of this Court's August 26, 2008 Order granting Defendant DaimlerChrysler Financial Corporation's ("DaimlerChrysler") Motion to dismiss. Motion for reconsideration (Dkt. No. 33); Order (Dkt. No. 25); Motion to dismiss (Dkt. No. 12).

**I.    Background**

      Plaintiffs filed their Complaint on March 28, 2008, alleging (1) violations of 42 U.S.C. § 1983, (2) violations of 42 U.S.C. § 1985, (3) violations of New York Civil Rights Law § 8, (4)

---

[1] This motion was filed pro se, as Plaintiff's counsel withdrew from the case after drafting the Complaint and submitting opposition to DaimlerChrysler's Motion to dismiss. On September 25, 2008, a Notice of Appearance was filed by Matthew J. Kelley, Esq., indicating his representation of the Plaintiffs. Dkt. No. 34. Plaintiffs' reply was prepared by Mr. Kelley. Dkt. No. 39.

violations of New York General Obligations Law § 7-101, New York Vehicle & Traffic Law § 425, and New York Personal Property Law § 316, (5) conversion, (6) breach of the covenant of good faith and fair dealing, and (7) unjust enrichment. Dkt. No. 1. Plaintiffs' action stems from the physical repossession of two motor vehicles purchased by Plaintiffs and financed by DaimlerChrysler. Id. On June 2, 2008, DaimlerChrysler moved to dismiss Plaintiffs' Complaint pursuant to 9 U.S.C. § 3 because the finance contracts in dispute are subject to binding arbitration, and are thus governed by 9 U.S.C. § 2. Dkt. No. 12. This Court granted that Motion, finding that the arbitration clause was so broad as to require all disputes relating to the vehicles to be arbitrated, and ordered that the parties proceed to binding arbitration. Dkt. No. 25.

## II.    Legal Standard

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The burden on a party moving for reconsideration of an order is thus substantial. Toland v. Walsh, No. 9:04-CV-0773, 2008 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008). There are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983).

## III.    Discussion

2

Plaintiffs argue for reconsideration of the Court's previous Order because the other Defendants, Albany County Sheriff's Department, Phillip White, Holmes & Kugler, John Does 1 & 2 Drivers for Holmes & Kugler, McGill Investigations and Larry Williams "have not petitioned nor requested this court to dismiss" Plaintiff's claims. Motion at 1 (Dkt. No. 33). More specifically, Plaintiffs argue that because the other Defendants are not parties to the contract containing the arbitration clause, they are not bound by its terms and conditions. Motion at 2. In their Reply, Plaintiffs suggest that the Court may have erred and "may have meant to say that the plaintiff's [sic] complaint is dismissed [only] as against Daimler/Chrysler." Kelly Aff. at 2 (Dkt. No. 39).

Defendants argue that Plaintiffs' Motion for reconsideration should be denied for failure to comply with Local Rule 7.1(g) for its failure to include a memorandum of law, noting that "a party 'has a right to be informed of the factual basis of his rival's case and the specific foundations for those contentions of fact.'" Defs White and Sheriff's Dep't's Response in Opp., Mem. at Law at 5 (Dkt. No. 35) ("Response") (quoting Lore v. City of Syracuse, No. 5:00-CV-1833, 2007 U.S. Dist. LEXIS 13037, at *3 (N.D.N.Y. February 26, 2007) (failure to submit Statement of Material Facts on motion for summary judgment). Unlike the cited case, however, Plaintiffs' submission would have sufficiently made Defendants aware of the basis of Plaintiffs' argument. Nonetheless, because Plaintiffs' Motion for reconsideration fails on the merits, the Court need not address its procedural deficiencies.

In the prior Order, the Court discussed the strong federal policy favoring the enforcement of arbitration agreements created by the Federal Arbitration Act ("FAA"). See Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 653 (2d Cir.

3

2004) (citing 9 U.S.C. § 2 and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).  Based on that policy, any doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration.  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991); Opals on Ice Lingerie v. Body Lines, Inc., 320 F.3d 362, 369 (2d Cir. 2003).  In addition, the applicability of an arbitration agreement is not within the discretion of the district court.  E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C., 273 F.Supp.2d 260, 264 (E.D.N.Y. 2003) (citing WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997)).  Rather, a district court must direct parties to arbitrate all issues that fall within the scope of their arbitration agreement.  Id.  In assessing the scope of arbitrable issues, the "strong presumption of arbitrability applies with even greater force when the arbitration provision is a broad one."  Id. (quoting Rajjak v. McFrank & Williams, No. 01 Civ. 0493, 2001 WL 799766, at *2 (S.D.N.Y. July 13, 2001)).

In this case, as emphasized by the various Defendants, the language of the arbitration agreement is very "broad."  It states, in relevant part:

> Any claim or dispute, whether in contract, tort *or otherwise* (including *any dispute* over the interpretation, scope, or validity of this contract, the arbitration clause or the arbitrability of any issue) between us ***or Creditor's employees, agents, successors or assigns***, which arise out of or relate to this contract *or any resulting transaction or relationship* (including any such relationship with third parties who do not sign this contract) shall at the election of either of us (or the election of any such third party), be resolved by a neutral, binding arbitration.

Deily Aff. Ex. A1-A2 (Dkt. No. 14) (emphasis added).  This language makes clear that any claim or dispute relating to the contract "or any resulting transaction" would be covered by this clause.  Id.  In addition, it similarly covers not only DaimlerChrysler, but any of its "employees, agents, successors or assigns."  Id.  Based on this expansive language, the Court previously found that

4

the section "encompasses all of Plaintiffs' claims" and that "all issues raised by Plaintiffs'

Complaint are subject to binding arbitration."  Order at 4-5 (Dkt. No. 25).  In the present Motion

for reconsideration, Plaintiffs have not pointed to any "controlling decisions or data that the court

overlooked--matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court."  Schrader v. CSX Transp., Inc., 70 F.3d at 257.

Plaintiffs, in their Reply, cite several cases which are not on point or do not support their

argument.  In E.E.O.C. v. Woodmen of World Life Ins. Soc., an individual who had brought a

separate employment discrimination claim against her employer sought to also intervene in an

action brought by the Equal Employment Opportunity Commission (EEOC) against her employer

pursuant to Title VII.  479 F.3d 561 (8th Cir. 2007).  The Eighth Circuit found that the arbitration

agreement required the employee to arbitrate her claims with her employer because requiring her

to arbitrate would not interfere with or have any bearing on the EEOC's ability to pursue its

separate enforcement action.  479 F.3d at 568.

Plaintiffs next state, in support, that:

In DSMC, Inc. v. Convera Corp., 358 U.S. Appeals, D.C., 356; 347 [sic] Fed. 3d
679, [sic] the court held that where a vendor and a library were arbitrating a
dispute, and there was no arbitration agreement between the vendor and a
competitor, there was no jurisdiction for the court to stay the court action between
those two parties.

Reply Mem. of Law at 2 (Dkt. No. 39).  In the cited case, however, the D.C. Court of Appeals

held only that because the vendor's motion to compel was based on equitable estoppel rather than

on an agreement to arbitrate, the denial of the motion was not subject to interlocutory appeal, and

the court did not have jurisdiction under the FAA's interlocutory appeal provision.  349 F.3d 679,

683 (D.C. Cir. 2003).  Even more importantly, the Second Circuit has **specifically rejected** the

5

holding in that case, when it more recently affirmed a district court's finding that "it would be inequitable for parties who have signed a written arbitration agreement [] not to abide by that agreement with regard to a non-signatory to the agreement." Ross v. American Express Co., 478 F.3d 96, 99 (2d Cir. 2007); Id. at 100 n. 2 ("To the extent cases in other circuits are contrary to our holding, see DSMC Inc. v. Convera Corp., 349 F.3d 679 (D.C. Cir. 2003) . . ., we decline to follow them.").

Finally, Plaintiffs turn to Bunge Corp. v. MV Furness Bridge, a 1974 admiralty law case where the court declined to grant the requested stay pending arbitration because doing so would have required two separate arbitrations in London, England, and because under "English law [and] arbitration custom," it would not have been possible to implead a third party into either arbitration. 390 F.Supp. 603, 604 (E.D.La. 1974) (noting, however, that the third party could potentially be bound by issues of collateral estoppel). Based on those considerations, the Eastern District of Louisiana found that directing the arbitration "would not result in economy of time and efforts for the court, counsel, or litigants." Id. at 607. The holding in that case simply can not be extended into the present situation.

Plaintiffs' claims against the other Defendants in this case arise out of the repossession of their vehicles. Complaint ¶¶ 18-43 (Dkt. No. 1). The claims therefore are directly related to the contracts and are based on Plaintiffs' dispute with DaimlerChrysler. The Complaint's allegations further suggest that the other Defendants took those actions based on the contract and possibly at the direction of DaimlerChryler. The arbitration clause language makes clear that it covers **any** claim or dispute relating to the contract "or any resulting transaction" and that it covers DaimlerChrysler as well as any of its "employees, agents, successors or assigns." Deily Aff. Ex.

A1-A2. Plaintiffs' claims against the other Defendants are thus also subject to arbitration.

In addition to the language in the arbitration clause, case law dictates that a party that signs an arbitration agreement with a corporation is also bound to arbitrate with that corporation's agents. See Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A., 117 F.3d 655, 668 (2d Cir. 1997). In addition, even a "nonsignatory party may be bound to an arbitration agreement if so dictated by the 'ordinary principles of contract and agency.'" Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995) (quoting McCallister Bros., Inc. v. A & S Transp. Co., 621 F.2d 519, 524 (2d Cir. 1980)).

Based on the broad language of the arbitration clause, and because Plaintiffs' claims against the other Defendants are based on the contract and on their dispute with DaimlerChrysler, the Court finds no reason to change its previous determination that the arbitration clause "encompasses all of Plaintiffs' claims" and that "all issues raised by Plaintiffs' Complaint are subject to binding arbitration." Order at 4-5 (Dkt. No. 25).

## IV. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Motion for reconsideration is (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED: December 19, 2008
           Albany, New York

Lawrence E. Kahn
U.S. District Judge